## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL,** | § | **CASE NO. 17-31078-H2-11** |
| **LLC, et. al.,**[1] | § | |
| | § | **Joint Administration Pending** |
| **Debtors** | § | |

### EMERGENCY MOTION OF THE DEBTORS FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AN EMERGENCY HEARING ON THIS MOTION IS SCHEDULED FOR MONDAY, FEBRUARY 27, 2017 AT 3:30 PM IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\* EMERGENCY RELIEF HAS BEEN GRANTED. YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE OR APPEAR AT THE SCHEDULED HEARING.\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079 -H2-11; K&S Consulting, ASC LP (5512), Case No. 17-31080-H2 -11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

Humble Surgical Hospital, LLC ("HSH"), Humble Surgical Holdings, LLC ("Holdings"), K&S Consulting ASC, LP ("K&S ASC"), and K&S Consulting Management, LLC ("K&S Management") (collectively the "Debtors"), file this Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases (the "Motion") pursuant to 11 U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of their respective chapter 11 cases.  The grounds for this Motion are as follows:

**Summary**

1.    Humble Surgical Hospital, LLC (Case No. 17-31078-H2 -11), Humble Surgical Holdings, LLC (Case No. 17-31079-H2 -11), K&S Consulting, ASC LP (Case No. 17-31080-H2-11), and K&S Consulting Management, LLC (Case No. 17-31081 H2-11) are affiliated entities with common ownership and management.  Holdings owns approximately 60% of the membership interests in HSH, K&S ASC is the sole member of Holdings and K&S Management is the General Partner of K&S ASC.

2.     It would be a waste of judicial resources to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who share some of the same liabilities and have virtually the same management.

**I.    Jurisdiction**

3.    This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

**II.    Venue**

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Debtors' principal places of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

### III.    Factual Background

5.      The above captioned Chapter 11 bankruptcy cases were each filed on February 24, 2017 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").   The Debtors continue to manage their respective property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

7.      A detailed factual background of the Debtors' businesses and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Affidavit of Chief Restructuring Officer, Jeffrey M. Anapolsky in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* filed contemporaneously herewith and incorporated herein by reference.  A summary of the factual background is listed below.

8.      HSH is a Texas limited liability company operating a specialized surgical hospital in Humble, Texas.   Holdings is a Delaware limited liability company with a sole purpose of owning an interest in HSH.  Holdings owns 564 units in HSH, or approximately 60% of the membership interests.   K&S ASC is a Texas limited partnership and is the sole member of Holdings.  K&S Management is a Texas limited liability company and is the General Partner of K&S ASC.

9.      HSH is a specialized surgical hospital providing services for patients in Humble, Kingwood, Atascocita, The Woodlands, and other communities in North Houston.  Currently, with 25 board-certified physicians, HSH provides a full range of services including in-patient and outpatient surgeries in the areas of neuro-spine, general surgery, ear, nose and throat, orthopedics, ophthalmology, podiatry, pain management, nuclear medicine, non-invasive cardiology, and

gastroenterology specialties.   Many of HSH's services are provided on an outpatient basis, meaning that patient care is performed in accordance with a physician's orders on the same day that the patient is released from the hospital.   Charges related to a surgery are submitted for reimbursement by commercial payers and/or government programs and are invoiced to the patient for payment.

10.     In addition to the surgery services, HSH provides ancillary services including a (i) radiology unit, (ii) diagnostic MRI unit, (iii) post-anesthesia care unit (PACU), (iv) inpatient unit with five beds and a 2:1 patient-to-nurse ratio, (v) emergency unit, and (vi) laboratory services. HSH currently has approximately 50 full-time employees.

11.     As more fully described in the *Affidavit of Jeffrey M. Anapolsky in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief*, these bankruptcy cases were precipitated by an attempted garnishment action by Aetna related to a recent adverse District Court ruling and entry of final judgment by Judge Hughes against HSH of approximately $41 million, plus interest.   The Debtors immediately appealed this judgment to the Fifth Circuit Court of Appeals and expect that the ruling will be reversed, especially in view of the fact that, in a virtually identical case, Judge Hoyt awarded HSH final judgment in the amount of $16.4 million, plus interest in damages, penalties and attorneys' fees against Cigna, an insurer that asserted similar claims against HSH.  Due to Aetna's impending garnishment, the Debtors were faced with no other viable alternative, other than filing these bankruptcy cases.

## IV.     Relief Sought

12.     The Debtors are affiliated entities with common ownership and virtually the same management.  The Debtor also share common liabilities. It would be a waste of judicial resources

to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who are operated by the same officers.

13.    The Debtors seek emergency relief for the Court to enter an order (i) granting joint administration of all of the captioned cases, (ii) directing that all motions and other docket entries be entered in the docket of case number 17-31078-H2-11, and (iii) directing that all hearings conducted in each bankruptcy case be conducted in case number 17-31078-H2-11.

14.    The Debtors shall file separate schedules and statements of financial affairs in each of their respective cases.

15.    The Debtors also desire that the Office of the U.S. Trustee be authorized to conduct joint 341 meetings.

16.    Separate claims registered should be maintained by the Clerk of the Court.

17.    At present, the Debtors plan to file a joint chapter 11 plan.

18.    The Debtors will file separate monthly operating reports.

### V.    Grounds for Relief

19.    Bankruptcy Rule 1015(b)(4) authorizes the joint administration of cases in which affiliates are debtors.  These Debtors are affiliates as defined by 11 U.S.C. § 101(2).

20.    Bankruptcy Rule 1015 also requires the Court to give due consideration to protecting creditors of different estates against potential conflicts of interest.  The Debtors do not seek to substantively consolidate their estates at this time.  Joint administration alone will not create conflicts between estates.

21.    The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

## Prayer

WHEREFORE, the Debtors request that the Court authorizes the joint administration of the above-styled bankruptcy cases and grants such other relief as is just.

DATED:        February 24, 2017

Respectfully submitted,

HOOVER SLOVACEK LLP

By: _____*/s/ Melissa A. Haselden*_____
MELISSA A. HASELDEN
State Bar No. 00794778
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
haselden@hooverslovacek.com

PROPOSED ATTORNEYS FOR DEBTORS and
DEBTORS IN POSSESSION

**OF COUNSEL:**
Hoover Slovacek LLP
EDWARD L. ROTHBERG
State Bar No. 17313990
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
rothberg@hooverslovacek.com