IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| HUMBLE SURGICAL HOSPITAL, | § | CASE NO. 17-31078-H2-11 |
| LLC, et. al.,[1] | § | |
| | § | Joint Administration Pending |
| Debtors | § | |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BVA GROUP RESTRUCTURING AND ADVISORY LLC AND (II) DESIGNATING JEFFREY M. ANAPOLSKY AS CHIEF RESTRUCTURING OFFICER AND FINANCIAL ADVISOR *NUNC PRO TUNC* TO FEBRUARY 24, 2017**
**[Relates to Doc#   ]**

Humble Surgical Hospital, LLC ("HSH"), Humble Surgical Holdings, LLC ("Holdings"), K&S Consulting ASC, LP ("K&S ASC"), and K&S Consulting Management, LLC ("K&S Management") (collectively the "Debtors"), filed an application to retain and employ BVA Group Restructuring and Advisory LLC ("BVA Restructuring"), an affiliate of BVA Group LLC ("BVA Group"), and designate Jeffrey M. Anapolsky as Chief Restructuring Officer and Financial Advisor (the "Application"). The Court finds that the Application should be granted. It is, therefore

ORDERED, ADJUDGED and DECREED as follows:

1.  Pursuant to §327 of the Bankruptcy Code, the Debtors are authorized to retain and employ BVA Restructuring and Jeffrey M. Anapolsky is appointed to act as the Chief Restructuring Officer ("CRO").

2.  Mr. Anapolsky's duties and responsibilities shall be as follows:
    a.  To act as the Debtors' CRO until further order of the Court;

    b.  To act as the Debtors' sole manager;

    c.  To be the sole signatory on the Debtors' DIP Payroll Account and the DIP Operating Accounts;

    d.  To take control of all passwords for any electronic banking of the Debtors, and to immediately change such passwords so that the CRO or persons designated by

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079 -H2-11; K&S Consulting, ASC LP (5512), Case No. 17-31080-H2-11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

him are the only party who has access to the Debtors' electronic banking, such procedure to remain in effect pending further order of the Court;

e. To exercise sole authority to manage the business affairs of the Debtors to the exclusion of any control being exercised by their respective members, managers, and executives including, without limitation:
   i. To make all decisions regarding the hiring and firing of personnel;
   ii. To make all decisions regarding the expenses incurred by the Debtors, and the terms of disbursements made by the Debtors for same; and
   iii. To authorize the repairs and maintenance of estate assets;

f. To make all reasonable efforts to consult with all secured creditors, unsecured creditors, parties-in-interest, the U.S. Trustee ("UST"), and any committee of creditors appointed by the Court;

g. To make all reasonable efforts to present to the UST all information required for the Initial Debtor's Conference;

h. To make all reasonable efforts to assist bankruptcy counsel in preparing and filing schedules, statements of financial affairs, amendments thereto, and monthly operating reports on a timely basis;

i. To investigate all available chapter 5 causes of action and non-chapter 5 causes of action against creditors, whether they be insiders or non-insiders, members and other potential defendants;

j. To cause the Debtors to pay all UST Quarterly fees on a timely basis;

k. To make all reasonable efforts to assist bankruptcy counsel in preparing and filing a plan of reorganization (the "Plan") and disclosure statement, or other appropriate case resolution, if necessary;

l. Review and analyze the Debtors' financial results, projections, and operational data;

m. Assist the Debtors in the preparation of cash flow projections and updating those projections as required;

n. Gain an understanding of the existing contractual arrangements and obligations with vendors, advisors/consultants, and customers, including insurance companies;

o. Assist the Debtors' management and their professionals assigned to sourcing, negotiating, and implementing any financing, including debtor-in-possession and exit financing facilities, in conjunction with the Plan and overall restructuring;

p. Design and implement a restructuring strategy designed to maximize estate value, taking into account the unique interests of all constituencies;

q. Assist the Debtors in managing key stake holders, including communications and meetings with, and requests for information made by, creditor constituents, including secured lenders, vendors, customers, plaintiffs, and employees;

r. Assist the Debtors with preparations for and emerging from a Chapter 11 filing;

s. Provide testimony, if required and permitted; and

t. Provide other financial advisory services that fall within with BVA Restructuring's expertise and/or as requested by the Debtors and agreed to by BVA Restructuring.

3. The compensation to be paid to Mr. Anapolsky shall be in accordance with normal billing practices for services rendered and out-of-pocket expenses incurred on the Debtors' behalf. Mr. Anapolsky's hourly rate and the rates for other BVA Restructuring personnel shall be as follows:

### CRO

| Name | Description | Hourly Rate | Commitment Full or Part Time |
|---|---|---|---|
| Jeffrey M. Anapolsky | CRO | $675 | Full Time |

### BVA Restructuring Personnel

| Name | Description | Hourly Rate | Commitment Full or Part Time |
|---|---|---|---|
| Erica Bramer | Executive Vice President | $675 | Part-Time |
| Scott Dalrymple | Executive Vice President | $675 | Part-Time |
| Stephen Jaquess | Senior Financial Analyst | $475 | Full-Time |
| Amy Cui | Financial Analyst | $350 | Part-Time |

4. Mr. Anapolsky and his personnel shall be compensated on a monthly basis, comparable to those established in other Chapter 11 cases. Mr. Anapolsky shall present to the Debtors and their counsel, the United States Trustee, the secured lenders, if any, and their counsel of a detailed statement of services rendered and expenses incurred by each professional for the prior month. If no timely objection is made, the Debtors' would be authorized to pay eighty percent (80%) of the amount of fees incurred for the month and one hundred percent (100%) of expense disbursements for the month. All payments would be subject to the Court's subsequent approval as part of the normal fee application process.

5. All fees and expenses incurred by Mr. Anapolsky and BVA Restructuring personnel shall be subject to this Court's approval.

6. The Debtors shall take any action deemed by Jeffrey M. Anapolsky, if any, to document his appointment as the sole manager of the Debtors under the terms of this order.

7. Mr. Anapolsky may not be removed without further order of this Court.

ZZZ