

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
02/27/2017

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL,** | § | **CASE NO. 17-31078-H2-11** |
| **LLC, et. al.,[1]** | § | |
| | § | **Joint Administration Pending** |
| **Debtors** | § | |

### INTERIM ORDER (I) AUTHORIZING MAINTENANCE OF EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM AND (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS AND RECORDS
[Relates to Doc. No. 3]

Upon consideration of Motion for an Order (i) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System[2]; and (ii) Authorizing Continued Use of Existing Business Forms and Records (the "Motion"), filed by Humble Surgical Hospital, LLC ("HSH"), Humble Surgical Holdings, LLC ("Holdings"), K&S Consulting, ASC LP ("K&S ASC"), and K&S Consulting Management, LLC ("K&S Management") (collectively the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; (iv) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary; (v) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is:

ORDERED that the Motion and all relief requested therein is GRANTED on an interim basis as set forth herein; and it is further

ORDERED that a final hearing on the Motion shall be held on March 10, 2017, at 2 : 00 .m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on March 8, 2017, and shall be served on: (a) the Debtors, Humble Surgical Hospital, LLC et al, 5120 Woodway Drive, Suite 7012, Houston, TX 77056; Attn: Jeffrey M. Anapolsky; (b) proposed counsel to the Debtors, Hoover Slovacek, LLP, 5051 Westheimer, Suite 1200, Houston, Texas 77056, Attn:

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079-H2-11; K&S Consulting, ASC LP (5512), Case No. 17-31080-H2-11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Motion.

Edward L. Rothberg; and (c) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002; it is further

ORDERED that the Debtors are authorized to continue using the Cash Management System in the normal course of business to maintain business operations; and the Debtors shall maintain records of all such transfers of cash in a manner so that all transactions made pursuant to the authorization granted in this order can be readily ascertained; and it is further

ORDERED that the Debtors are authorized to maintain the Bank Accounts to deposit and receive in the account payments on accounts receivable and to allow the transfer of funds pursuant to the Cash Management System as more fully described in the Motion; and it is further

ORDERED that the Debtors are authorized to maintain such other depository and disbursement accounts as may be required or permitted by the Cash Management System or in connection with other orders of this Court; and it is further

ORDERED that the Debtors may modify the Cash Management System, as may be required by Orders of this Court, the Debtors' lenders, or as the Debtors decide in their business judgment, in the ordinary course of business, without the need for further order of this Court; and it is further

ORDERED that any financial institution at which the Debtors may have an account or do business, may not set off any alleged pre-petition claims against any post-petition deposits made by the Debtors in any accounts maintained by the Debtors on a post-petition basis, except as authorized by this Court; and it is further

ORDERED that the Debtors are authorized to continue paying monthly fees and service charges with respect to the Bank Accounts in the ordinary course of business, including any portion of such fees attributable to prepetition services; and it is further

ORDERED that the Debtors are authorized to continue to use the Debtors' existing business forms and to maintain its existing business records; and it is further

ORDERED that Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order; and it is further

ORDERED that the Debtors, on or before thirty (30) days after entry of this Order, shall amend the signature card agreement of the pre-petition Bank Accounts so as to denominate their statuses as a debtor-in-possession bank accounts, and shall include the case number; and it is further

ORDERED that the Debtors, on or before thirty (30) days after entry of this Order, shall transmit to the UST a true and correct copy of the amended signature card agreement for the pre-petition Bank Accounts; and it is further

ORDERED that the Debtors, if it becomes necessary prior to confirmation of a plan, shall open any new bank accounts at UST-approved depositories and shall comply with the UST's requirements; and it is further

ORDERED that the Debtors shall comply with the deposit and investment restrictions in 11 U.S.C. § 345(b); and it is further

ORDERED that the Debtors shall give notice of this Order and shall file a certificate of service; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

2-27-2017

David R. Jones
U.S. Bankruptcy Judge