**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| HUMBLE SURGICAL HOSPITAL, | § | CASE NO. 17-31078-H2-11 |
| LLC, et. al.,[1] | § | |
| | § | Jointly Administered Under |
| Debtors. | § | Case No 17-31078-H2-11 |
| | § | Judge David R. Jones |

**DEBTORS' EMERGENCY MOTION FOR ORDER (1) REQUIRING
AETNA LIFE INSURANCE COMPANY TO RELEASE GARNISHMENTS
(2) HOLDING AETNA LIFE INSURANCE CO. IN WILLFUL CONTEMPT
OF THE AUTOMATIC STAY AND (3) AWARDING ACTUAL DAMAGES,
COSTS, ATTORNEYS FEES AND PUNITIVE DAMAGES**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\*EMERGENCY RELIEF HAS BEEN REQUESTED. YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE OR APPEAR AT THE SCHEDULED HEARING.\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079 -H2-11; K&S Consulting, ASC LP (5512), Case No. 17-31080-H2 -11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

{851286-00001 MMH 3/1/2017 01124073.DOCX 1 }                1

Humble Surgical Hospital, LLC ("HSH"), Humble Surgical Holdings, LLC ("Holdings"), K&S Consulting, ASC LP ("K&S ASC"), and K&S Consulting Management, LLC ("K&S Management") (collectively the "Debtors"), debtors and debtors in possession in these jointly administered cases, respectfully file this Motion for Order (1) Requiring Aetna Life Insurance Company to Release all Garnishments; (2) Holding Aetna Life Insurance Co. in Willful Contempt of the Automatic Stay; and (3) Awarding Actual Damages, Costs, Attorneys' Fees, and Punitive Damages ("Motion") and in support thereof respectfully show the Court as follows:

## I. SUMMARY OF RELIEF REQUESTED

Shortly before the bankruptcy filing, Aetna obtained a judgement against HSH in the amount of $51 million in litigation pending before the Honorable Judge Hughes in the United States District Court for the Southern District of Texas.  On the February 24, 2017 (the "Petition Date"), upon a motion filed by Aetna, Judge Hughes withdrew the reference for all the captioned bankruptcy cases to the District Court. On February 27, 2017, the District Court entered orders terminating stay to allow Aetna to collect its judgement (attached hereto as Exhibit "C") and re-referring the Bankruptcy Cases to this Court.

The Order Terminating Stay is subject to Bankruptcy Rule 4001(a)(3) which stays the order from enforcement for 14 days, or in this case, March 13, 2017.   The Debtors have appealed the Order Terminating Stay to the Fifth Circuit Court of Appeals and also filed a Motion for Stay of Order Lifting Stay.

Today, the Debtors were informed that virtually all of their bank accounts have been garnished and the Debtors have no funds with which to operate (See Exhibits G&H attached hereto).  Approximately $545,000 has been garnished from the Debtors' bank accounts. Additionally, writs of garnishment have been served on various insurers owing payments to the

Debtors. Regions Bank retains a first lien on all of the Debtors' assets, including cash and accounts receivable.

Aetna has also proceeded with Enforcement Action of its garnishment in the District Court (See Exhibit I attached hereto). The District Court has now scheduled an emergency hearing on Aetna's garnishment for March 1, 2017 at 5:00 p.m.

These actions by Aetna are direct violation of the automatic stay and will cause immediate and irreparable harm to the Debtors. Without access to cash, the Debtors will have to cease operations and the cases will convert to Chapter 7. 50 employees will lose their jobs.

Debtors request that the Court require Aetna to immediately release all garnishments, and at a later date award the Debtors actual damages, costs, attorneys' fees, and punitive damages for this willful violation of the automatic stay.

## II.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this district pursuant to t pursuant to 28 U.S.C. §§ 1408(1) and (2) and 11 U.S.C. § 101(2)(A).

## III.     BACKGROUND

### A. Overview of the Debtors

3. The above captioned Chapter 11 bankruptcy cases ("Bankruptcy Cases") were each filed on February 24, 2017 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code"). The Debtors continue to manage their respective property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

5. An order authorizing joint administration of these cases was entered on February 27, 2017 (Docket #28).

6. A detailed factual background of the Debtors' businesses and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Declaration of Chief Restructuring Officer, Jeffrey M. Anapolsky in Support of the Debtors' Chapter 11 Petitions* and Requests for First-Day Relief ("Declaration") (Docket #25) and incorporated herein by reference. A summary of the factual background is listed below.

7. HSH is a Texas limited liability company operating a specialized surgical hospital in Humble, Texas. Holdings is a Delaware limited liability company with a sole purpose of owning an interest in HSH. Holdings owns 564 units in HSH, or approximately 60% of the membership interests. K&S ASC is a Texas limited partnership and is the sole member of Holdings. K&S Management is a Texas limited liability company and is the general partner of K&S ASC.

8. HSH is a general hospital providing services for patients in Humble, Kingwood, Atascocita, The Woodlands, and other communities in North Houston. Currently, with approximately 25 board-certified physicians, HSH provides a full range of services including in-patient and outpatient surgeries in the areas of neuro-spine; general surgery; ear, nose and throat; orthopedics; ophthalmology; podiatry; pain management; nuclear medicine; non-invasive cardiology; and gastroenterology specialties. Many of HSH's services are provided on an outpatient basis, meaning that patient care is performed in accordance with a physician's orders on the same day that the patient is released from the hospital. Charges related to a surgery are

submitted for reimbursement by commercial payers and/or government programs and are invoiced to the patient for payment.

9. In addition to the surgery services, HSH provides ancillary services including a (i) radiology unit, (ii) diagnostic MRI unit, (iii) post-anesthesia care unit (PACU), (iv) inpatient unit with five beds and a 2:1 patient-to-nurse ratio, (v) emergency unit, and (vi) laboratory services. HSH currently has approximately 50 full-time employees.

10. Regions Bank is the secured lender with a lien on substantially all assets of the Debtors, including accounts receivable and cash.

11. As more fully described in the Declaration, these bankruptcy cases were precipitated by an attempted garnishment action by Aetna Life Insurance Company ("Aetna") related to a recent adverse ruling by the District Court for the Southern District of Texas ("District Court") and entry of final judgment by Judge Hughes against HSH of approximately $41 million, plus interest. The Debtors immediately appealed this judgment to the Fifth Circuit Court of Appeals and expect that the ruling will be reversed, especially in view of the fact that, in a virtually identical case, before the District Court, Judge Hoyt awarded HSH final judgment in the amount of $16.4 million, plus interest in damages, penalties and attorneys' fees against Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna"), an insurer that asserted similar claims against HSH. Due to Aetna's impending garnishment, the Debtors were faced with no other viable alternative, other than filing these bankruptcy cases.

### B. Aetna Litigation

12. On April 18, 2012, Aetna initiated litigation asserting various causes of action including fraud against HSH in the United States District Court for the Southern District of Texas,

Houston Division, Case No. 4:12-cv-1206 styled as *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC* ("Aetna Dist Ct. Litigation"). HSH denied the allegations and asserted counterclaims against Aetna in this matter.

13. Subsequently, District Court issued "death penalty" sanctions against HSH, striking its answer and counterclaims. On February 3, 2017, the District Court, without hearing the merits of HSH's position, entered a final default judgment against HSH, in the amount of $41, 411,650.97 million, plus $9,938,796.24 prejudgment interest, post judgment interest and costs ("Default Judgment"). A copy of the judgment is attached hereto as Exhibit "A".

14. HSH appealed the Default Judgment to the Fifth Circuit Court of Appeals under Case No. 17-20102, styled *Humble Surgical Hospital, LLC v. Aetna Life Insurance Co.* ("Appeal").

15. On February 21, 2017, the Fifth Circuit entered an order denying HSH's opposed motion to stay execution of the Default Judgment pending appeal, waive the supersedeas requirement, permit payment of a nominal supersedeas bond or deposit, or accept the alternative security proposed in its motion. Subsequently, the instant bankruptcy cases were filed.

### C. Withdrawal of Reference, Re-Referral to Bankruptcy Court and Lifting of Stay

16. On February 24, 2017, after the filing of the Bankruptcy Cases, Aetna filed a motion in the District Court seeking to withdraw the reference and have the Bankruptcy Cases heard by the District Court. An order withdrawing the references was entered by the District Court on the same date ("Withdrawal Order") (Dist. Ct. Docket #354). A copy of the Withdrawal Order is attached hereto as Exhibit "B"

17. On February 27, 2017, the District Court also subsequently entered an order lifting stay for "collection of the judgment- and related discovery- in civil action 12-1206." ("Order

Terminating Stay") (Dist. Ct. Docket #355)[2]. A copy of the Order Terminating Stay is attached hereto as Exhibit "C".

18. Importantly, the Order Terminating Stay <u>does not</u> waive the provisions of Bankruptcy Rule 4001(a)(3) which stay an order terminating the automatic stay for 14 days after entry of the order. *Fed. R. Bankr. Pro*. 4001(a)(3) (West 2017).

19. On February 27, 2017, the District Court entered an order re-referring the Bankruptcy Cases to this Court ("Re-referral Order") (Dist Ct. Docket #356). A copy of the Re-referral Order is attached hereto as Exhibit "D".

20. On February 27, 2017, the Debtors filed a notice of appeal of the Order Terminating Stay to the Fifth Circuit Court of Appeals ("Notice of Appeal") (Dist. Ct Docket #357). A copy of the Notice of Appeal is attached hereto as Exhibit "E'. The Notice of Appeal was subsequently amended on February 28, 2017 to clarify the correct names of certain parties ("Amended Notice") (Dist. Ct. Docket #360). A copy of the Amended Notice is attached hereto as Exhibit "E-1".

21. On February 27, 2017, this Court held a hearing on various "first day" motions and granted the Debtors related relief. Regions Bank also agreed to Debtor's interim use of cash collateral pursuant to an agreed budget.

22. On February 28, 2017, the Debtors filed an Emergency Motion for Stay of Order Lifting Stay in the Fifth Circuit under Case No. 17-20123, styled as styled *Humble Surgical Hospital, LLC v. Aetna Life Insurance Co*. ("Stay Motion"). A copy of the Stay Motion is attached hereto as Exhibit "F".

---

[2] The Docket indicates that the Order Terminating Stay was docketed on February 24, 2017, but the order indicates that it was entered on February 27, 2017.

23. The Stay Motion is currently pending before the Fifth Circuit Court of Appeals and ruling has been requested no later than March 2, 2017 at noon. On March 1, 2017, Aetna filed its response to the Stay Motion.

### D. AETNA'S STAY VIOLATION

24. The Order Terminating Stay was entered on February 27, 2017. Accordingly, under Bankruptcy Rule 4001(a)(3), this order is stayed from enforcement until March 13, 2017.

25. On February 28, 2017, Aetna served writs of garnishment, issued by the District Court on February 23, the day prior to the Petition Date ("Garnishment"), on the following parties:

- Allegiance Bancshares
- BBVA Compass Bank
- Health Care Services Corp.
- United Healthcare of Texas, Inc.
- United Healthcare Services, Inc.,
- United Healthcare Inc., SPECTERA, Inc.
- United Healthcare LLC, United Healthcare Specialty Benefits LLC

26. On March 1, 2017, the Debtors first learned of the Garnishment when it was discovered that all of the Debtors depository accounts have been garnished and have no funds. A copy of the Garnishment served on Allegiance Bank is attached hereto as Exhibit "G".

27. Further, on March 1, 2017, Aetna served on the Debtors a Notice of Writs Garnishment ("Garnishment Notice"). A copy of the Garnishment Notice is attached hereto as Exhibit "H".

28. Also, on March 1, 2017, Aetna filed a Notice of Enforcement Action in this Court ("Enforcement Action") and has requested that the District Court schedule an emergency hearing on the garnishment action. A copy of the Enforcement Action is attached hereto as Exhibit "I". The District Court has scheduled a hearing on Aetna's garnishment action for March 1, 2017 at 5:00 p.m.

## IV.     RELIEF REQUESTED

29.     Debtors request that the Court hold direct Aetna to immediately release the garnishments and at a later date to hold Aetna in contempt of the automatic stay, and to award Debtors damages under sections 105 and 362(k) of the Bankruptcy Code including "actual damages […,] costs and attorneys' fees, and … punitive damages."  11 U.S.C. § 362(k).

## V.     APPLICABLE AUTHORITY AND ARGUMENTS

30.     The bankruptcy filing stayed all creditor collection activities. 11 U.S.C. § 362(a).

31.     If the automatic stay is terminated, Federal Bankruptcy Rule of Procedure 4001(a)(3) provides:

> (3) *Stay of Order*. An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

32.     The District Court *sua sponte* entered Order Terminating Stay on its on motion.  Thus, the Order Terminating Stay may not be enforced until March 13, 2017.  Accordingly, Aetna's actions to proceed with the Garnishment and Enforcement Action are each a direct violation of the automatic stay.

33.     These actions by Aetna will effectively shut down the Debtors' operations since they have no access to cash and cause the cases to convert to a Chapter 7.   More importantly, 50 employees will lose their jobs.

## **PRAYER**

34.     Debtors prays that the Court (i) order Aetna to immediately release the garnishments; (ii) hold Aetna in contempt of the automatic stay, and (iii) at a later date award Debtors damages provided under sections 105 and 362(k) of the Bankruptcy Code including "actual damages […,] costs and attorneys' fees, and  . . . punitive damages."  11 U.S.C. § 362(k).

Dated: March 1, 2017

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Edward L. Rothberg*_____
EDWARD L. ROTHBERG
State Bar No. 17313990
MELISSA A. HASELDEN
State Bar No. 00794778
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 735-5395
PROPOSED ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

I certify that on March 1, 2017, the forgoing Motion for Contempt and Proposed Order were forwarded: (1) by the Court's ECF notification system to the parties listed below.

**17-31078 Notice will be electronically mailed to:**

Timothy Alvin Davidson, II on behalf of Interested Party Aetna Life Insurance Company
tdavidson@akllp.com

James Scott Douglass on behalf of Interested Party J. Scott Douglass
jsd@aol.com

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Eric Michael English on behalf of Creditor Abira Medical Laboratories and Genesis-Humble Management
eenglish@porterhedges.com, emoreland@porterhedges.com;ksteverson@porterhedges.com

Tara L Grundemeier on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

Melissa Anne Haselden on behalf of Debtor Humble Surgical Holdings, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com,bankruptcy1@hooverslovacek.com,phelan@hooverslovacek.com

{851286-00001 MMH 3/1/2017 01124073.DOCX 1 }   10

Melissa Anne Haselden on behalf of Debtor Humble Surgical Hospital, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com,bankruptcy1@hooverslovacek.com,phelan@hooverslovacek.com

Melissa Anne Haselden on behalf of Debtor K & S Consulting ASC, LP
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com,bankruptcy1@hooverslovacek.com,phelan@hooverslovacek.com

Melissa Anne Haselden on behalf of Debtor K&S Consulting Management, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com,bankruptcy1@hooverslovacek.com,phelan@hooverslovacek.com

Courtney Hull on behalf of Creditor Texas Comptroller of Public Accounts and Texas Workforce Commission
bk-chull@texasattorneygeneral.gov, sherri.simpson@texasattorneygeneral.gov

Noah E Meek on behalf of Creditor Cong Thu Nguyen
meek@cardwellchang.com

Noah E Meek on behalf of Interested Party Cong Thu Nguyen
meek@cardwellchang.com

Edward L Rothberg on behalf of Debtor Humble Surgical Holdings, LLC
rothberg@hooverslovacek.com,
ELRbankruptcy@gmail.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Debtor Humble Surgical Hospital, LLC
rothberg@hooverslovacek.com,
ELRbankruptcy@gmail.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Debtor K & S Consulting ASC, LP
rothberg@hooverslovacek.com,
ELRbankruptcy@gmail.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

Edward L Rothberg on behalf of Debtor K&S Consulting Management, LLC
rothberg@hooverslovacek.com,
ELRbankruptcy@gmail.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

Joseph Peak Rovira on behalf of Interested Party Aetna Life Insurance Company
josephrovira@andrewskurth.com

Owen Mark Sonik on behalf of Creditor Humble Independent School District
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

                                                /s/ *Edward L. Rothberg*
                                                EDWARD L. ROTHBERG