# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| HUMBLE SURGICAL HOSPITAL | § | Case No. 17-31078-H2-11 |
| LLC, ET AL.,[1] | § | (Jointly Administered Under Case |
| | § | No. 17-31078-H2-11) |
| Debtors. | § | |
| | § | |

---

| | | |
|---|---|---|
| AETNA LIFE INSURANCE | § | |
| COMPANY, ON BEHALF OF | § | |
| ROBERT E. OGLE, AS TRUSTEE | § | |
| FOR THE DEBTORS HUMBLE | § | |
| SURGICAL HOSPITAL, ET AL., | § | |
| | § | |
| Plaintiff | § | |
| | § | Adv. Proceeding No. _____ |
| v. | § | |
| | § | |
| IFEOLUMIPO O. SOFOLA; | § | |
| STARLIGHT SURGICAL, PLLC; | § | |
| BENJAMIN CILENTO; HOUSTON | § | |
| D'ALTAVILLA ENTERPRISES, | § | |
| PLLC; GARY KRAUS; NORTH | § | |
| HOUSTON NEUROSURGERY, | § | |
| PLLC; BONAVENTURE NGU; | § | |
| ISPINE CARE SPECIALIST, PLLC; | § | |
| MARK FILLEY; NORHEAST SPINE | § | |
| CENTER, PLLC; DAVID | § | |
| SINGLETON; KINGWOOD | § | |
| SURGICAL HOSPITAL, PLLC; | § | |
| MICHAEL L. BLACKWELL; BATJAC | § | |
| SURGICAL GROUP, PLLC; ET AL.,[2] | § | |
| | § | |
| Defendants. | § | |

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Humble Surgical Hospital, LLC (4960), Case No. 17-31078-H2-11; Humble Surgical Holdings, LLC (9350), Case No. 17-31079-H2-11; K&S Consulting ASC LP (5512), Case No. 17-31080-H2-11; and K&S Consulting Management, LLC (5422), Case No. 17-31081-H2-11.

[2] A complete list of the Defendants in this case are attached hereto as Exhibit A.

## PLAINTIFF'S ORIGINAL COMPLAINT

Aetna Life Insurance Company ("Aetna"), on behalf of Robert E. Ogle as trustee to the Debtors ("Plaintiff") files this Original Complaint ("Complaint") against all Defendants named in Exhibit A attached hereto ("Defendants").

## I.
## INTRODUCTION

1.     This lawsuit concerns 105 Texas doctors who participated in an out-of-network billing and multifaceted kickback scheme, which this Court found to be dishonest and illegal in *Aetna Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 12-1206 (S.D. Tex.) ("*Humble* Litigation"). The scheme caused millions of dollars in damages to Aetna and resulted in a final judgment against Humble Surgical Hospital ("Humble"), an out-of-network surgical facility, in the amount of $51,350,447.22, plus post-judgment interest and court costs.  *Id.* at ECF Nos. 310, 320.

2.     The doctors played a key role in facilitating the illegal scheme. While some of the doctors held a direct ownership interest in Humble, all of the doctors agreed to refer their patients to Humble so that Humble could submit false bills, trick Aetna into paying exorbitant hospital fees, and then use the proceeds to pay millions in illegal kickbacks to the doctors through shell companies as a reward for referring their patients.  The doctors did not disclose their ownership and/or  kickback interest in Humble to their patients, and the doctors knowingly allowed Humble to submit flagrant bills to bilk

HOU:3769748.1

millions from Aetna and its customers so that the doctors could profit. Without the doctors' acts and omissions, there would have been no patient referrals, no false bills to Aetna, no payments to Humble, and no illegal kickbacks to the doctors.  Because of the doctors' involvement and contributing acts, Aetna suffered substantial harm, and Humble now bears liability on a $51 million money judgment.

3.      Aetna files this lawsuit, on behalf of the trustee to Humble and its affiliated companies' bankruptcy estates so that the doctors and their shell companies may be held accountable for their contributing acts and omissions to the illegal billing scheme, and so that the estates may recover the illegal kickbacks that the doctors received as part of the scheme and harm they caused to Aetna and its customers.

## Parties

4.      Humble and its affiliated companies Humble Surgical Holdings, LLC, K&S Consulting ASC LP, and K&S Consulting Management, LLC ("Debtors") are businesses organized under the laws of Texas. On February 24, 2017, Debtors commenced Chapter 11 reorganization cases in the Southern District of Texas.

5.      Robert E. Ogle is the duly appointed trustee to the Debtors in the above-captioned Chapter 11 cases.

6.      Aetna is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

HOU:3769748.1

Aetna is a judgment creditor of Humble in the amount of $51,350,447,22, plus post judgment interest at .81% per annum and costs of court.  This Court vested Aetna with derivative standing to bring this action against Defendants on behalf of the Trustee.[3]

7.    Defendants are licensed physicians that reside and practice medicine in Texas ("Doctors") and own professional limited liability companies organized under the laws of Texas ("Companies") that participated in the scheme (collectively, "Defendants"). Defendants may be served at the locations reflected on Exhibit A to this Original Complaint.

## II.
## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334.

9.    This adversary proceeding is a non-core proceeding arising in or related to the above-captioned Chapter 11 matter.

10.    The Court has personal jurisdiction over Defendants pursuant to Fed. R. Bankr. P. 7004(f), and the exercise of such jurisdiction is consistent with due process under the United States Constitution.

11.    Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, errors, omissions,

---

[3]  Case No. 12-1206 at ECF No. 405

and misrepresentations that give rise to the claims at issue in this case occurred in this District.

### III.
### FACTUAL BACKGROUND

12.     On April 18, 2012, Aetna commenced the *Humble* Litigation in this Court to recover millions of dollars that Humble tricked Aetna into paying through an illicit out-of-network billing and illegal kickback scheme.[4]

13.     Pursuant to the scheme, Humble induced patients, including Aetna health plan members, into choosing to receive out-of-network medical services from Humble, rather than lower cost in-network facilities, by assuring patients that their out-of-pocket costs would be equal to or less than in-network costs and by waiving the members' out-of-network deductible and coinsurance payments required under the members' health plans.  After getting members in the door, Humble charged Aetna exorbitant fees that were far above the reasonable charges for the services provided. Aetna paid the charges based on Humble's representation that they were "true, accurate, and complete." Humble's bills however did not disclose that the member's out-of-network cost share had been waived, nor that Humble was paying kickbacks to the Defendants in return for patient referrals.

14.     Through the course of litigation, Aetna discovered that Humble's scheme involved furtive referral-fee arrangements with the Doctors pursuant

---

[4] *See Humble* Litigation, at Dkt#1.

to which Humble paid the Doctors and their shell companies millions of dollars in kickbacks in exchange for the Doctors referring their patients to Humble. The Doctors referred their patients to Humble and in the process assured them that they would be charged as if Humble were in-network or otherwise would not be subject to higher out-of-pocket costs.  In exchange, Humble agreed to pay Defendants 30% of the fees that Humble billed and collected from Aetna on the referred patients. The Doctors also set up the Companies for the sole purpose of acting as conduits to collect millions in kickback payments from Humble.  Humble's bills to Aetna did not disclose the referral-fee arrangement with Defendants.

15.    On March 10, 2016, Aetna filed a Consolidated Motion for Judgment on a claim for money had and received to recover millions in overpayments to Humble pursuant to the alleged scheme.[5]  On December 31, 2016, the Court entered partial judgment in favor of Aetna.[6] The Court also issued a memorandum opinion describing the billing scheme and finding that Humble paid referral fees to doctors, waived patient costs, and submitted inflated bills to Aetna.[7]  The Court also found Humble's scheme and referral-fee arrangement with Defendants to be illegal under Texas law.  The Court further rejected each of Humble's claimed defenses as lacking in merit and

---

[5] *See Humble* Litigation, at Dkt##267 & 268.

[6] *Id.* at Dkt#311.

[7] *Id.* at Dkt#310.

struck Humble's answer and counterclaim as a sanction for repeated discovery abuses and vexations litigation.

16.    On February 3, 2017, the Court entered final judgment in favor of Aetna in the amount of $51,350,447,22, plus post judgment interest at .81% per annum and costs of court.[8] The full amount of the final judgment remains outstanding and has not been paid.

## IV.
## CAUSES OF ACTION

### A.    CONTRIBUTION

17.    Plaintiff realleges and incorporates by reference the allegations in the forgoing paragraphs of the Original Complaint.

18.    In the Humble Litigation, the Court found that Defendants joined Humble's scheme through a written proposal that offered Defendants 30% of the facility fees that Humble collected from Aetna in exchange for patient referrals.  The Doctors paid Humble only $3,500 in yearly "administrative and investment fees" – not a contribution of capital – to be entitled to the kickbacks.

19.    The Companies gave Humble and its affiliate, K&S Consulting LLC, control of billing and payments, and 5% of the fees collected from Aetna. Humble's billing affiliate charged Aetna but identified only Humble as the provider, and Aetna paid the allowed amounts on each bill into Humble's bank

---

[8] *Id.* at Dkt#320.

account. Humble then kicked back to the Companies 30% of the fees that Humble collected from Aetna.

20.     The Defendants' acts and omissions contributed to Aetna's injury, which resulted in final judgment against Humble. Defendants are responsible for their contributing acts and therefore liable to Humble in the amount of all kickbacks received in connection with referring their patients to Humble.

**B.     MONEY HAD AND RECEIVED**

21.     Plaintiff realleges and incorporates by reference the allegations in the forgoing paragraphs of the Original Complaint.

22.     In addition, or in the alternative, Defendants are liable to Humble for a claim for money had and received.  Humble and its affiliates billed Aetna for purported medical services – identifying only Humble as the provider. Using the proceeds from Aetna's payments of the bills, Humble paid or kicked back 30% to the Defendants.  In total, Humble paid millions to the Defendants that Humble should not have paid, and would not have paid, had it known the payments were improper or illegal.

23.     Pursuant to this Court's rulings in the *Humble* Litigation, the Defendants are not entitled to the payments that Humble made resulting from claims submitted to and paid by Aetna. The amounts Humble paid to Defendants should be returned to Humble in equity and good conscience.

C.      VEIL PIERCING ALLEGATIONS AS TO COMPANIES

24.      Plaintiff realleges and incorporates by reference the allegations in the forgoing paragraphs of the Original Complaint.

25.      The corporate veil should be pierced between the Doctors and the Companies thereby making the Doctors personally liable for the acts of the wrongful acts of the Companies.

26.      As the Court found in the *Humble* Litigation, the Doctors created the Companies, but the Companies were simply shells that served no corporate purpose because they were not licensed and did not do anything. The Doctors held majority interests in the Companies and controlled the Companies by acting as sole managing members. But the Doctors failed to maintain the Companies' corporate form and instead operated the Companies as mere tools or conduits through which they collected illegal kickbacks paid by Humble for illegal patient referrals.

## V.
## CONDITIONS PRECEDENT

27.      Plaintiff has performed all conditions precedent, or they have otherwise been waived.

## VI.
## PRAYER

Plaintiff Aetna Life Insurance Company, on behalf of Robert E. Ogle as trustee to the Debtors, respectfully requests that Defendants be cited to appear

HOU:3769748.1

and answer, and that on final trial hereof, Plaintiff have judgment against

Defendants for the following:

    i.     Actual damages and consequential damages;

    ii.    Exemplary damages;

    iii.   Equitable relief as requested above;

    iv.   Costs of court;

    v.     Prejudgment and post-judgment interest; and

    vi.   Such other and further relief at law or in equity to which Aetna may be justly entitled.

HOU:3769748.1

Respectfully submitted,

By: */s/ John B. Shely*\*\*_____

    **John B. Shely**
    State Bar No. 24004788
    Federal ID No. 7544
    **ANDREWS KURTH KENYON LLP**
    600 Travis Street, Suite 4200
    Houston, Texas 77002
    Telephone: (713) 220-4105
    Fax: (713) 220-4285
    johnshely@andrewskurth.com

OF COUNSEL:

**ANDREWS KURTH KENYON LLP**

and

**Timothy A. ("Tad") Davidson II**
State Bar No. 24012503
Federal ID No. 24220
taddavidson@andrewskurth.com
**Brian C. Pidcock**
State Bar No. 24074895
Federal ID No. 1654553
brianpidcock@andrewskurth.com
**Kelsey Hope**
State Bar No. 24092538
Federal ID No. 2639626
kelseyhope@andrewskurth.com
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Fax: (713) 220-4285

    **ATTORNEY IN CHARGE FOR
    AETNA LIFE INSURANCE
    COMPANY IN THE NAME OF
    ROBERT E. OGLE AS TRUSTEE TO
    THE DEBTORS**

    \*\*Case No. 12-1206, Dkt#405 (Order
    on Derivative Standing)

## CERTIFICATE OF SERVICE

On March 28, 2017, a true and correct copy of the foregoing instrument was served on all parties in accordance with the Federal Rules of Civil Procedure.

*s/ Brian C. Pidcock*
Brian C. Pidcock